[No. 11199.   Department One. — July 14, 1886.]

# THE STATE OF CALIFORNIA, APPELLANT, v. JOHN SMITH, JR., ET AL., RESPONDENTS.

ESTATE OF DECEDENT — NON-RESIDENT FOREIGNERS — RIGHTS OF SUCCESSION — CONSTITUTIONAL LAW. — The constitution does not prohibit the legislature from conferring upon non-resident foreigners the same rights with respect to the acquisition, possession, enjoyment, transmission, and inheritance of property as are guaranteed by that instrument to resident foreigners.

ID. — SECTION 671 OF CIVIL CODE. — The legislature had power to provide, by section 671 of the Civil Code, for the succession to property by foreigners who have never been residents. That section provides a rule with respect to property within the state, and confers a right to be enjoyed within its jurisdiction.

ID. — NON-RESIDENT ALIENS — WHO ARE. — The words "non-resident aliens," as used in section 672 of the Civil Code, mean those persons who are neither citizens of the United States nor residents of the state.

ID. — APPEARING AND CLAIMING PROPERTY — LIMITATION ON RIGHT. — Under that section, the failure of a non-resident alien to appear and claim the property within five years after descent cast operates a bar of his right to assert any title in the property as against the state. But any appearance within the state, and the assertion of a claim to the property, either by action, or by taking possession of or conveying or contracting with respect to it, within the time limited, is sufficient to render the bar of the statute inoperative.

ID. — PROCEEDING BY STATE TO VEST TITLE — WHEN SHOULD BE BROUGHT. — A proceeding brought by the attorney-general to vest title in the state

as to property alleged to have escheated to it under section 672 of the Civil Code is premature if commenced within five years after the death of the ancestor.

APPEAL from a judgment of the Superior Court of Sacramento County.

John Smith, a native of England residing in California, and a naturalized citizen of the United States, died intestate in Sacramento, California, November 3, 1883, leaving certain real and personal property therein as his estate. He left no heirs resident in the United States, but he did leave one nephew and three nieces, natives of and residing in England, as his only next of kin. The nephew, John Smith, Jr., came to California and obtained letters of administration upon the estate, after having declared his intention to become a citizen of the United States. The estate was distributed to and thereafter sold by the next of kin to the defendants other than John Smith, Jr., and the administration closed. The suit was commenced by the attorney-general in the name of the state on January 25, 1885, to declare all the estate of John Smith escheated, because, as alleged, the nephew and nieces cannot inherit in California. Judgment was rendered in favor of the defendants. The further facts are stated in the opinion of the court.

*Attorney-General Marshall*, and *S. P. Scaniker*, for Appellant.

A non-resident alien is not entitled to succeed to property in California, and the sections of the Civil Code purporting to give him that right are unconstitutional. (Const., art. 9, sec. 4; art. 1, sec. 17.) Upon the death of the intestate, the title to his estate vested *eo instanti* in the state of California, in trust for the support of the common schools. (*Fairfax* v. *Hunter*, 7 Cranch, 603; *Jackson* v. *Adams*, 7 Wend. 367; *Wilbur* v. *Tobey*, 16 Pick. 177; *Commonwealth* v. *Hite*, 6 Leigh, 588; *Taylor* v.

*Benham,* 5 How. 233; *Farrell* v. *Enright,* 12 Cal. 450; *People* v. *Folsom,* 5 Cal. 373; *Ettenheimer* v. *Heffernan,* 66 Barb. 374; Const., sec. 4, art. 9; *State* v. *Reeder,* 5 Neb. 203.) After the estate had vested in the state, its title could not be divested by the arrival of one of the next of kin, although he declared his intention to become a citizen of the United States. (*Heeney* v. *Trustees of Brooklyn Benevolent Society,* 33 Barb. 360.) The administration proceedings were void, because the title to the estate had vested in the state. (*State* v. *Reeder,* 5 Neb. 203; *Den. ex rel. Van Kleek* v. *O'Hanlon,* 21 N. J. L. 582; *Hinkle* v. *Shaddon,* 2 Swan, 49.)

*Grove L. Johnson, Armstrong & Hinkson,* and *Ed. M. Martin,* for Respondents.

The points involved in this case have been decided adversely to the appellant in *Lyons* v. *State,* 67 Cal. 380; *Estate of Billings,* 64 Cal. 427; *Carrasco* v. *State,* 67 Cal. 385; *People* v. *Rogers,* 13 Cal. 159.

McKINSTRY, J.— The constitution (art. 1, sec. 17) prohibits the legislature from depriving resident foreigners of any of the rights enjoyed by native-born citizens with respect to the acquisition, possession, enjoyment, transmission, or inheritance of property.

There is no provision of the constitution which prohibits the legislature from conferring the same rights upon those born in foreign countries who have never been residents of the state.

Section 671 of the Civil Code provides:—

"Any person, whether citizen or alien, may take, hold, and dispose of property, real or personal, within this state."

It is suggested that inasmuch as laws can have no extraterritorial operation, the legislature has no power to provide for succession by foreigners who have never been residents. But the section of the code provides a

rule with respect to property within the state. It confers a right to be enjoyed within the jurisdiction.

Section 672 of the Civil Code reads:—

"If a non-resident alien takes by succession, he must appear and claim the property within five years from the time of succession, or be barred. The property in such case is disposed of as provided in title 8, part 3, of the Code of Civil Procedure."

The words "non-resident alien" are severely criticised by counsel for appellant. We find no difficulty in interpreting them as indicating those who are neither citizens of the United States nor residents of the state.

All aliens take *by succession*. (Civ. Code, sec. 671.) The failure of a non-resident alien to "appear and claim" within five years after descent cast operates a bar of his right to assert any title in the property as against the state. And this not on the idea that the property has escheated to the state, as of the date of the death of the ancestor, but because by the law the "non-resident" takes subject to the loss of his right by a failure to make claim within the five years. The clause of section 672 is a limitation, applicable, however, not alone to the commencement of an action in the courts, but to any appearance within the state and the assertion of a claim, whether by such action or otherwise. The claim may be *in pais*, as by taking possession of the property, or conveying or contracting with respect to it. If he fails to appear and claim it, the property is escheat at the expiration of the five years. In "such case" the property is disposed of as provided in title 8, part 3, of the Code of Civil Procedure.

It would seem to follow that a "non-resident alien" would have no defense to an inquest to "vest the title in the state" in the nature of office found, except a defense based on his "appearance and claim" within the five years, and it necessarily follows that a proceeding brought by the attorney-general under title 8, part 3, is premature

if commenced within five years after the death of the ancestor.

Section 1272 of the Code of Civil Procedure, so far as it applies to a non-resident alien, not a party or privy to the proceedings prescribed in title 8, only authorizes him to show that which he might have shown had he been made a party, to wit, that he did appear and claim the property "within five years from the time of the succession."

The statute gives to the non-resident alien full five years to "appear and claim" the property, and gives him no more. There is no limitation of time (certainly none less than ten years after the "succession") within which the action provided for in the Code of Civil Procedure must be commenced by the attorney-general. The five years given the non-resident alien can have no reference to the proceeding commenced by the attorney-general. No statutory machinery is provided in accordance with which the alien must appear and give notice of his claim. The provision of section 672 of the Civil Code, requiring the alien to "appear and claim the property," relates to an appearance and claim, to be proved by acts within the state indicating that the alien asserts a right to it, or the provision means nothing.

Section 4 of article 9 of the constitution provides that "the proceeds" of the estates of deceased persons who may have died without leaving any "heir" shall constitute a part of the school fund. It does not limit the power of the legislature to declare that aliens may be heirs. Moreover, it speaks of the *proceeds* of the lands, evidently contemplating some procedure in the nature of office found by which the right of the state shall be ascertained and determined, and legislation providing for the sale of the land.

Judgment affirmed.

MYRICK, J., and ROSS, J., concurred.