(December 30, 1898.)

## STATE v. STEVENSON.

[55 Pac. 886.]

ESTATE OF DECEDENT—NONRESIDENT FOREIGNERS.—A nonresident foreigner cannot take real estate by succession under the provisions of section 5715 of the Revised Statutes, unless he appears and claims succession within five years after the death of decedent.

RIGHT OF SUCCESSION.—If succession is not claimed within said period of time, real estate owned by deceased escheats to the state to be disposed of as provided by section 5716 of the Revised Statutes.

ESCHEAT.—Title by escheat passes to the state by operation of law.

TAXES—STATE EXEMPT.—Lands belonging to the state are exempt from taxation, and no title can be acquired to the same by a tax deed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Wyman & Wyman, for Appellants.

The claim of title of the state is based upon chapter 14, title 10, of the Revised Statutes of Idaho, embracing sections 5700-5717, being the chapter entitled "Succession," which provides for the distribution of the property of persons dying intestate. That this estate was subject to the ordinary laws for the collection of taxes, and that no escheat could take place until five years after the reducing of the property to the possession of the state in pursuance to the order of the court, we think is fully sustained by the following case: *People v. Roach,* 76 Cal. 294, 18 Pac. 407.

R. E. McFarland, Attorney General, and Hawley & Puckett, for Respondent.

As between the state and a third party, its title to the premises in dispute is absolute, and cannot be questioned or put in issue in this case. Counsel, in support of their contention, cites but one case (*People v. Roach,* 76 Cal. 294, 18 Pac. 407), which we think confirms our contention herein. In that case the attorney general commenced proceedings before the expiration of five years, and the court held, and properly, too, that

the action was premature. We contend that the court was justified in granting plaintiff's motion for judgment on the pleadings, for the reason that the record shows that if the state was not the owner of the property at the time of the assessment for taxes in 1893, and upon which appellant bases his title, the assessment · is absolutely void for the reason that it was not assessed to the rightful owner, as required by statute. It is the duty of the assessor to assess the property to owner if he can ascertain owner; otherwise to assess it to unknown owners. (*Weyse v. Crawford,* 85 Cal. 196, 24 Pac. 735.) An assessment for taxes must be made against the owner when known. The individual, not the property, pays the tax. (*Kelsey v. Abbott,* 13 Cal. 609, · and numerous cases therein cited.) A tax deed based upon an assessment of land not made to true owner, but to a person who had no title thereto, is void. (*Klumpke v. Baker,* 68 Cal. 559, 10 Pac. 197.) An assessment of lands owned by one "Costro" to "Castero" is invalid. (*Emeric v. Alvarado,* 90 Cal. 444, 27 Pac. 356.)

SULLIVAN, C. J.—This is an action in ejectment, brought by the state, against David O. Stevenson, C. C. Stevenson, and Henry Haming, to recover the possession of lot 2 and southeast quarter of northwest quarter, section 7, township 4 north, range 1 east, Boise meridian. The defendants David O. Stevenson and Henry Haming filed disclaimers, and defendant C. C. Stevenson answered, claiming to be the owner of said premises; that he acquired title to said premises under and by virtue of a certain tax deed. The following facts appear from the record: That one Adolph Hempel died on or about the sixteenth day of April, 1887, seised in fee of said tract of land, leaving no known heir surviving him; that letters of administration were duly issued to the public administrator of Ada county upon the estate of said deceased, and said estate duly administered; and on the sixteenth day of January, 1889, said administrator made his final report therein, which was allowed and · approved. It appears that, when said final report was approved, said administrator had in his hands $6,093.34 in cash belonging to said estate, the lands above described, and certain certificates of water stock; that said cash was turned into the state treasury, and

the administrator discharged. It also appears that said deceased was a foreigner, and that no heirs or claimants have appeared and claimed said estate, or any part of it. It also appears from the answer of the defendant that said real estate was assessed for county and state purposes in the year 1893, and, the taxes not having been paid, became delinquent; that said real estate was sold by the tax collector to one F. S. Shirley, for the sum of fifty-one dollars and fifty cents, and thereafter the tax collector conveyed, by tax deed, said premises to said Shirley; that said Shirley thereafter sold and conveyed said premises to the defendant C. C. Stevenson. Said defendant also alleges that he has, in good faith, made valuable improvements upon said premises, to the amount of ninety-five dollars. He also avers that said Hempel died leaving a sister surviving him, residing in Vienna, Austria, whose name was unknown to defendant. The issues being thus made, counsel for the state moved for judgment on the pleadings, which motion was granted, and judgment entered against the defendant. The appeal is from the judgment. Several errors are assigned, all to the effect that the court erred in sustaining plaintiff's motion for judgment on the pleadings.

The several sections of the Revised Statutes applicable to this case are as follows:

"Sec. 5715. Resident aliens may take in all cases, by succession as citizens; and no person capable of succeeding under the provisions of this title is precluded from such succession by reason of the alienage of any relative; but no nonresident foreigner can take by succession, unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession.

"Sec. 5716. When succession is not claimed as provided in the preceding section, the district court, on information, must direct the attorney general to reduce the property to his or the possession of the territory, or to cause the same to be sold, and the same, or the proceeds thereof, to be deposited in the territorial treasury for the benefit of such nonresident foreigner, or his legal representative, to be paid to him whenever, within five years after such deposit, proof to the satisfaction of the terri-

.torial controller and treasurer is produced that he is entitled to succeed thereto.

"Sec. 5717. When so claimed, the evidence and the joint order of the controller and treasurer must be filed by the treasurer as his voucher, and the property delivered or the proceeds paid to the claimant on filing his receipt therefor. If no one succeeds to the estate or the proceeds, as herein provided, the property of the decedent is placed by the territorial treasurer to the credit of the school fund."

As Hempel died intestate, on the sixteenth day of April, 1887, the right of any nonresident-foreigner to claim said land under the provisions of said section 5715 expired on the sixteenth day of April, 1892. (See *State v. Smith,* 70 Cal. 153, 12 Pac. 121; *People v. Roach,* 76 Cal. 294, 18 Pac. 407.) After the last-mentioned date, no nonresident foreigner could take said real property by succession.

The question arises then, In whom did the title thereto vest after the five year period named in said section 5715? It is contended by counsel for appellant that the title to said real estate must vest somewhere, and could not be held in abeyance, and that it vested in the sister, as heir at law of the deceased. The averment in the answer in regard to deceased having a sister is as follows: "Defendant admits that succession to the 'estate of said Hemple and the said premises has not been claimed by any heir of said deceased, and that more than five years have elapsed since the death of said Hempel, but alleges that said Hempel died leaving a sister residing in Vienna, Austria, whose name is unknown to defendant." It is there admitted that no heir of the deceased had claimed said premises within the five years allowed therefor by the provisions of said section 5715. Said sister was barred from all right of succession to said property at the end of said five years period. If she had title (which we do not concede) during those five years, it ended when that period ended. She could not successfully claim succession thereafter.

Conceding the suggestion of counsel that the title could not remain in abeyance, where did it go when the nonresident foreigner could claim it no longer? We think it went to the state.

to be disposed of as provided by said sections 5716 and 5717. The nonresident foreign heir cannot recover the real property of his decedent after said period of five years, but the law permits him to receive the proceeds of the sale of such real estate within five years after the same has been deposited with the state treasurer, upon proper proof. As no succession was claimed within the five year period, section 5716, *supra,* provides that the district court, on information, must direct the attorney general to reduce the property to his possession, or that of the state, or cause it to be sold, and the proceeds thereof to be deposited in the state treasury, for the benefit of such nonresident foreigner or his legal representative, to be paid to him; provided, within five years after such deposit, satisfactory proof be made that he is entitled to succeed thereto. The proceeding therein provided is not for the purpose of transferring the title to the property to the state, or declaring an escheat to the state. It is for the purpose of reducing the property to the possession of the attorney general or the state, or to cause it to be sold. In this country the general rule is that, when the title to land fails for want of heirs, it escheats to the state. That rule is applicable in this state. No nonresident foreign heir having appeared and claimed succession within five years after the death of Hempel, said real estate escheated to the state, without inquest in the nature of office found, to vest title in the state. The title passed by operation of law, without court proceedings of any kind, as no proceeding or inquest in the nature of "office found" is provided for by statute in such cases in this state. As the state acquired title to said land by escheat on the sixteenth day of April, 1892, any assessment of taxes on said land thereafter was absolutely void, and no title could result therefrom. The judgment of the court below is affirmed. Costs of this appeal are awarded to respondent.

Huston and Quarles, JJ., concur.