[S. F. No. 3733.    Department One.—April 30, 1904.]

In the Matter of the Estate of JEREMIAH PENDERGAST, Deceased.    THE PEOPLE, Appellant, v. JOHN FITZPATRICK et al., Respondents.

ESTATES OF DECEASED PERSONS—SUCCESSION BY NON-RESIDENT ALIENS —LIMITATION—ERRONEOUS DISTRIBUTION.—A non-resident alien is barred from succession under the statutes of this state, unless he appears and claims the succession within five years from the time of succession; and notwithstanding no administration was had until the lapse of twenty-three years after the death, a decree distributing a portion of the property to non-resident aliens is erroneous, and must be reversed upon appeal by the state.

ID.—INTERESTS PASSING TO STATE.—The interests of non-resident aliens whose rights have become barred pass upon such contingency to the state by force of the statute rather than by the law of strict escheat for want of heirs; and the heirs who are not barred are not entitled to share in such interests.

ID.—APPEAL BY STATE—ADDRESS OF NOTICE—DISMISSAL AS TO PARTIES NOT NAMED.—Where upon appeal by the state the notice of appeal was addressed only to the heirs who had petitioned for the decree of distribution, the appeal will be dismissed as to other heirs to whom the notice was not addressed.

ID.—LIMITATION OF NOTICE BY ADDRESS—SERVICE UPON ATTORNEY.— Though the address preceding the notice of appeal is not essential to the validity of the notice, and perhaps if the address were omitted the service of the notice upon one who is attorney for all the heirs would make them all parties to the appeal, though the acknowledgment of service were limited by him to certain heirs; yet, where an address is given, it is a limitation of the notice to the parties to whom it is addressed, and service upon other parties is ineffectual.    Where it was only addressed to heirs who were petitioners, and their attorney admits service as such, the fact that he is also attorney for all other heirs cannot enlarge the notice so as to make them parties to the appeal.    Actual knowledge cannot take the place of service of the notice of appeal.

ID.—SEVERAL RIGHT OF APPEAL.—The dismissal of the appeal as to heirs not made parties to the notice cannot affect the right of appeal

by the state as to the parties served, as the right of each distributee is several and independent of the rights of others as to the state.

ID.—ALIENS NOT PARTIES TO APPEAL.—This court cannot pass upon the rights of aliens who were parties to the decree, but not made parties to the appeal by a proper service of notice upon them.

APPEAL from a decree of distribution by the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Appellant.

The right of succession is purely statutory, and does not exist when denied or barred by the statute. (*In re Wilmerding,* 117 Cal. 281; Civ. Code, secs. 672, 1404.) Where a limitation is coextensive with any right declared, it operates to defeat the right and not as a statute of limitations. (*The Harrisburg,* 119 U. S. 214; *Palen* v. *Johnson,* 50 N. Y. 49; *Mewburn's Heirs* v. *Bars,* 82 Ala. 626; *Cooper* v. *Lyons,* 9 Lea, (Tenn.) 596; *Newcomb* v. *Clement,* 3 Iowa, 295; *Way* v. *Hooten,* 156 Pa. St. 8.) The appeal should not be dismissed as to any person. Their rights all rest on the petition for the distribution, which purports to be signed by all of the heirs. (Code Civ. Proc., sec. 1962, subds. 2 and 3.) The judgment may be reversed as against the petitioners served, or any of them, without affecting the rights of parties not served. (*Williams* v. *Santa Clara Mining Assn.,* 66 Cal. 195; *Harper* v. *Hildreth,* 99 Cal. 265.)

Thomas F. Barry, for Respondents.

The appeal must be dismissed for want of proper service on adverse parties. (Code Civ. Proc., sec. 940; *Senter* v. *De Bernal,* 28 Cal. 640; *O'Kane* v. *Daly & Hawkins,* 63 Cal. 319; *Williams* v. *Santa Clara Mining Assn.,* 66 Cal. 193; *Butte County* v. *Boydston,* 68 Cal. 189; *Millikin* v. *Houghton,* 75 Cal. 539; *In re Castle Dome M. and S. Co.,* 79 Cal. 248; *Miller* v. *Richards,* 83 Cal. 504; *Lancaster* v. *Maxwell,* 103 Cal. 67; *Bullock* v. *Taylor,* 112 Cal. 147; *Estate of Mitchell,* 126 Cal. 248.) The state has no right of escheat, which depends upon the absence of all heirs. The state cannot be an aggrieved party in this case. (Civ. Code, secs. 1383, 1386; Pol. Code,

sec. 41; Code Civ. Proc., secs. 1269-1272; *People* v. *Roach*, 76 Cal. 294; *Estate of Smith*, 70 Cal. 153; *Hall* v. *Gittings*, 2 Har. & J. 112; 6 Am. & Eng. Ency. of Law, p. 854, n. 3.) The non-resident aliens have the statutory right to receive their inheritance, if they make application before the expiration of five years after their share is deposited in the state treasury. (Civ. Code, secs. 1405, 1406.)

SHAW, J.—This is an appeal by the state of California from a decree of distribution in the estate of Jeremiah Pendergast, deceased. Pendergast died in 1875, and no administration upon his estate appears to have been had until 1898. The decree in question was entered in September, 1903.

The respondents move to dismiss the appeal on the ground that some of the parties interested in the subject-matter of the decree have not been served with notice of appeal. The petition for distribution was filed on behalf of five persons, —namely, John Fitzpatrick, Edmond Fitzpatrick, Patrick Fitzpatrick, Johanna Troy, and Honoria Doolan, claiming to be the heirs at law of said deceased. Thomas F. Barry signed the petition as attorney for the petitioners. There is nothing in the record to show that any other of the persons claiming to be heirs of the deceased appeared in the court below, except the recital in the decree itself. Neither is there anything to show that such persons did not so appear. The recital is to the effect that Thomas F. Barry and J. J. Dwyer appeared as attorneys for the petitioners, and also for certain other parties named, these other parties being the persons whom the court adjudged to be co-heirs with the petitioners. By the decree it was determined that the deceased left twelve cousins as his heirs, and the property being all in money in the hands of the state treasurer, it was adjudged that each heir was entitled to one twelfth part thereof, and distribution was made accordingly. The notice of appeal was addressed ''To the Petitioners John Fitzpatrick, Edmond Fitzpatrick, Patrick Fitzpatrick, Johanna Troy, and Honoria Doolan, and to Thomas F. Barry, Esq., their attorney,'' and the admission of service was signed ''Thos. F. Barry, attorney for petitioners.''

It must be conceded that the parties other than the petitioners who were adjudged by the decree to be entitled to a

share of the estate are directly interested in the appeal adversely to the appellant. By the terms of the decree they were to receive a portion of the estate. Two of them, the appellant claims, were non-resident aliens at and ever since the death of the deceased, and did not within five years after his death appear and claim the property, and upon that ground it is claimed that they are barred, and that the property thereupon vested in the state. The decision of this point must necessarily determine their right, and if the judgment in this respect is reversed they will to that extent be deprived of the property given them by the decree. It is therefore necessary that they should be properly served with notice of appeal, so as to bring them within the jurisdiction of this court; else this court cannot determine as to their rights.

Under the decisions of this court on the subject, it is clear that the service of notice of appeal was ineffectual so far as any of the parties interested other than the petitioners are concerned. The notice is directed to the petitioners only, and the admission of service by the attorney purports to be an admission by him as attorney for the petitioners. It is contended that the statute does not prescribe the form of the notice of appeal, and hence that the address to the petitioners is an immaterial part thereof; that the attorney served with the notice, being the attorney for all the parties interested, must be considered as having had notice for all the parties whom he was authorized to represent. The decisions, however, are to the contrary. It has been held that where notice of appeal is directed to one party alone, its service upon another party would not have the effect of bringing such other party before the court. (*Hibernia S. and L. Society* v. *Lewis,* 111 Cal. 522; *Estate of Nelson,* 128 Cal. 244; *Estate of Scott,* 124 Cal. 674.) Also, it has been said, "A notice which by its terms is directed to A is ineffectual as a notice to B, even though it is delivered to B and he is therefore informed of its contents." (*Williams* v. *Burgin,* 108 Cal. 171; *In re Central Irr. Dist.,* 117 Cal. 392.) The principle appears to be, that while the address preceding the body of the notice of appeal is not essential to the validity of the notice, yet, if an address is given, it serves as a limitation thereof, and shows the intention of the appellant to give notice only to those parties to whom it is addressed, and its effect is limited accordingly.

Perhaps in this case, if the address had been omitted, and service had been made upon the attorney who appeared for all the parties interested, the appellant, upon showing the service, might have sustained the appeal as to all the parties, although the admission of service was limited by its terms. But having itself addressed the notice to certain of the parties it cannot enlarge the same by showing actual knowledge received by the other interested parties, arising from the fact that the attorney who represented them also represented the petitioners to whom the notice was directed. Actual knowledge cannot take the place of service of the notice of appeal.

It is claimed that notice was not necessary to these persons other than the petitioners, the ground of the claim being that they did not appear in the court below. Conceding that service of notice of appeal in such proceedings upon persons who did not appear in the court below would be unnecessary, we cannot say that they did not appear. The judgment appealed from recites the fact that they did appear. For the purposes of the appeal this recital is conclusive upon this court, particularly as there is nothing in the record to the contrary. The appeal is ineffectual, so far as it may affect any persons other than the petitioners, and as to such other persons it must be dismissed.

But notwithstanding this defect in the service of notice of appeal we think the appeal is valid, so far as the petitioners are concerned. The right of each distributee to his particular portion of the estate, under the circumstances of this case, is several and independent of the rights of the others. Under the view we take of the law, a decision that one of the heirs is not entitled to a share because of the fact that he was a non-resident alien would have the effect simply of retaining in the state treasury the portion of the estate ordered distributed to him and making the same subject to proceedings by the state to establish title in the state. The appellant claims that two of the petitioners are non-resident aliens, and it is clear that this court has jurisdiction upon this appeal to decide, as between these parties and the state, concerning their right to the portion of the estate distributed to them.

It appears from the petition and decree that four of the heirs to whom the estate was distributed—namely, Edmond, Patrick, Michael, and Bridget—were at the time of the death

of the deceased, and ever since have been, non-resident aliens, and that neither Edmond nor Patrick, who are petitioners herein, did within five years after the death of said decedent, nor until the filing of the petition twenty-seven years thereafter, appear or claim the property now in controversy, or any portion of the estate of said deceased. The statute on this subject provides as follows: "If a non-resident alien takes by succession, he must appear and claim the property within five years from the time of succession, or be barred. The property in such case is disposed of as provided in title VIII, part III, Code of Civil Procedure." (Civ. Code, sec. 672.) Also the following portion of section 1404 of the Civil Code: "No non-resident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession." The respondent claims that if one of the persons who would otherwise take by succession is barred from so doing by reason of being a non-resident alien, the effect is, that his share goes back to the estate and is inherited by the other heirs. This claim, we think, is not justified by the terms of the statute. They clearly imply that upon the death of the deceased the estate vests as a conditional estate in the non-resident alien heir, subject only to the contingency that if he fails to appear and claim the same within five years his right ceases, and the property then vests in the state, not strictly by escheat for want of heirs, but by virtue of the effect of the statute. (*Lyons* v. *State,* 67 Cal. 384; *State* v. *Smith,* 70 Cal. 156; *People* v. *Roach,* 76 Cal. 296.) The provisions of the code above quoted are clear and unambiguous, and the two non-resident alien petitioners are embraced within their terms. The effect is, that the shares of these two parties should not have been distributed to them, but should have been left in the possession of the state treasurer, subject only to proceedings instituted by the attorney-general on behalf of the state, under title VIII of part III of the Code of Civil Procedure.

The appeal will be dismissed as to the parties not properly served with notice of appeal. With respect to the petitioners the court has jurisdiction, and can act without affecting the rights of those not served. It is manifest from what has been said that the part of the judgment distributing to

the petitioners, Patrick and Edmond Fitzpatrick, each one twelfth of the estate, is erroneous and must be reversed. There appears to have been no dispute in regard to the facts and therefore a new trial is not necessary. This court can direct that the proper judgment be entered as to these two parties.

It is ordered that the judgment be reversed as to Edmond Fitzpatrick and Patrick Fitzpatrick, and that the cause be remanded to the court below with directions to enter judgment as to them, to the effect that the two shares of the estate which would otherwise go to the said two petitioners be retained in the state treasury, subject to proceedings by the attorney-general in behalf of the state of California to obtain title thereto, under title VIII of part III of the Code of Civil Procedure; that as to the other petitioners the judgment be affirmed; and that as to the interested parties other than the petitioners the appeal be dismissed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.