[S. F. No. 9428. In Bank.—September 13, 1921.]

In the Matter of the Estate of SUZANNE AUFRET, Deceased. MATHURIN MARIE LE RALLE, Respondent, v. THE STATE OF CALIFORNIA, Appellant.

[1] Estates of Deceased Persons—Succession—Nonresident Alien Heirs—Petition for Distribution—Insufficient Answer.—An answer to a petition for distribution to certain heirs of the estate of a deceased person does not state facts sufficient to show that the petitioners are not entitled to the estate under the provisions of sections 672 and 1404 of the Civil Code, providing that nonresident alien heirs must make their claim within five years after the death of the decedent, where the answer does not aver that the petitioners were not residents and citizens of California, or of the United States, at the time of decedent's death, and ever since, until the time of the filing of the answer, since if they were such residents or citizens at the time of the death of the decedent, they would immediately succeed to the title, free from the condition expressed in section 1404, and no claim on their part would be necessary to enable them to take by succession.

[2] Appeal — Judgment — Findings — Presumption.—A judgment or decree cannot be reversed for want of a finding, where the answer does not set forth any defense, as error is never presumed, and all intendments are in favor of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Appellant.

S. J. Brun and J. A. Fairchild for Respondent.

SHAW, J.—This is an appeal on behalf of the state of California from a decree of distribution of the estate of Suzanne Aufret, deceased, distributing the property to the respondents, Mathurin Marie Le Ralle, Marie Louise Bichelot, and Marie Ange Bichelot, in certain proportions not material to the inquiry on this appeal.

The record on appeal consists of the following documents:

1. The petition of the respondent, Mathurin Marie Le Ralle, asking distribution of the estate to the two respondents as heirs at law of the decedent. It alleges the death of the decedent on May 18, 1908; that the estate was in San Francisco and was personalty; that the public administrator had been appointed administrator of the estate and had duly administered the same; that his accounts had been settled, showing a balance of $2,126.41, in money; that the respondents were the heirs of the decedent, by reason of their relationship to her as set out in the petition, stating their respective shares and rights therein; and that they were residents of France at the time of the filing of said petition on March 18, 1919. It does not aver that they were aliens or that they ever were subjects of France.

2. An answer to the petition by the attorney-general, on behalf of the state. It alleges that the aforesaid respondents are all citizens and residents of the republic of France; that the aforesaid petition for distribution was filed and the claim of succession to the said estate made more than five years after the death of the decedent; and that neither of the respondents had appeared and claimed such estate by succession within five years from the death of the said decedent. It asks that the petition be denied and that the property be distributed to the state.

3. The decree of distribution appealed from. It recites that on the hearing of the petition evidence was introduced by the respective parties; that the decedent was a resident of Algiers, Africa, at the time of her death, which occurred on May 18, 1908; that the estate was ready for distribution and consisted of the sum of money above stated; that the respondents were her next of kin entitled to succession and that at the time of her death the respondent, Le Ralle, was and "still is" a resident and subject of France; that one Marie Anne Le Ralle Bichelot, a niece of decedent, was at the death of the decedent a resident and subject of France; that said Marie Anne Le Ralle Bichelot died on March 17, 1913, and was then a resident and subject of France and left surviving her the respondent Marie Ange Bichelot, her husband, and the respondent Marie Louise Bichelot, her child, "both of whom *are* residents and subjects of France." It does not state that respondent Le Ralle was a resident or citizen of

France at any time between the date of May 18, 1908, and the date of the decree, to wit, September 29, 1919, or that the deceased niece was not a resident of this country from the time of the death of the decedent Aufret until the date of her own death, or that her surviving husband and child aforesaid were not residents and citizens of this country at all times prior to the date of the decree. Thereupon it ordered distribution of the estate to them as aforesaid.

There was no recital or finding upon the subject of their having appeared and claimed the estate within five years after the death of said decedent, except the recital that they were entitled to succession. No bill of exceptions or other statement showing the evidence introduced and proceedings taken at the trial appears in the record. No findings or decision in writing were signed or filed, other than the aforesaid recitals in the decree of distribution.

[1] The answer does not state facts sufficient to show that the respondents are not entitled to the estate under the provisions of our Civil Code on the subject. Section 672 declares that "If a nonresident alien takes by succession, he must appear and claim the property within five years from the time of succession, or be barred." Section 1404 provides, further, that aliens may take by succession the same as citizens: "but no nonresident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession." The answer does not aver that the respondents, or either of them, were not residents and citizens of California, or of the United States, at the time of the death of Suzanne Aufret in 1908, and ever since, until the time of the filing of the answer in the year 1919. If they were such residents or citizens at the time of the death of the decedent, they would immediately succeed to the title, free from the condition expressed in section 1404, and no claim on their part would be necessary to enable them to take by the succession. On the face of the petition and answer thereto, since the relationship was not disputed, the court below was authorized to make the distribution to the respondents, as it did. In our consideration of the case, since the answer stated no defense, it may be entirely disregarded.

The recitals of the decree do not preclude the respondent from taking the succession. As to respondent Le Ralle, the

recitals do not say that he did not become a resident of this country immediately after the death of the decedent and remain such resident until the date of the decree, or that he did not become a citizen of this country in that interval, or that he did not appear within the first five years and claim the succession. As to the deceased niece, the recitals do not say that she did not appear and claim the succession before her death, or that her successors, her husband and child, did not do so after her death. The recitals, therefore, do not warrant the conclusion that the decree was erroneous.

[2] We know of no decision to the effect that a judgment or decree for a petitioner may be reversed for want of a finding, where the answer does not set forth any defense. Error is never presumed. All intendments are in favor of the judgment. In the absence of the evidence, it will be presumed that there was proof to the effect that the respondents had, within five years after the death of the decedent, appeared and claimed the succession to the property. It has been said that such "claim may be *in pais,* as by taking possession of the property, or conveying or contracting with respect to it." (*State* v. *Smith,* 70 Cal. 156, [12 Pac. 123].) We can perceive no reason why this statement is not a correct interpretation of the statute. But even if it were held that the claim must be manifested by some formal document of record or on file in the proceedings in probate for the settlement of the estate, the result would be the same, for, in view of the decree and the lack of any evidence to show that such claim was not so shown, we must presume that it was so manifested.

The decree is affirmed.

Sloane, J., Wilbur, J., Lawlor, J., Shurtleff, J., Lennon, J., and Angellotti, C. J., concurred.