[Civ. No. 2684. Third Appellate District.—April 25, 1924.]

## JOSEPH L. GANDALFO, Respondent, v. JO GANDALFO, Appellant.

[1] PARTNERSHIP—DISSOLUTION—ACCOUNTING—PAYMENTS ON BEHALF OF PARTNER—CREDIT ALLOWABLE.—In an action for the dissolution of a partnership and for an accounting, the plaintiff is properly credited with the amount paid by his father on account of a partnership bill, where the evidence shows that such payments was made by the father for and in behalf of plaintiff.

[2] ID.—JUDGMENT—EVIDENCE—APPEAL—ASSUMPTION.—In such an action, where there is ample evidence in the record to support the total amount of the judgment allowed against defendant, irre-

1. See 20 R. C. L. 1022.

spective of the amount of a specific item or charge claimed to be erroneous, the appellate court will not assume that the trial court made an erroneous charge.

[3] ID.—JUDGMENT—FINDINGS—APPEAL—INFERENCES.—On appeal from the judgment in such an action, all intendments are in favor of the judgment, and the reviewing court will assume as true all facts which appear by reasonable inference from the evidence contained in the record on appeal, so far as they may support the findings.

[4] ID.—MOTION TO VACATE SUBMISSION—CONFLICTING AFFIDAVITS.— Where the affidavits introduced by the defendant in support of his motion to set aside the submission of the case for the purpose of introducing further evidence and the affidavits offered by the plaintiff in opposing such motion are conflicting, the trial court is justified in overruling the motion.

(1) 30 **Cyc.**, p. 740.   (2) 4 **C. J.**, p. 781, sec. 2732.   (3) 4 **C. J.**, p. 773, sec. 2719.   (4) 38 **Cyc.**, p. 1939.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. B. Curtin for Appellant.

J. C. Webster for Respondent.

YOUNG, J., *pro tem.*—This is an action for the dissolution of a partnership and for an accounting.   The trial court made and filed findings of fact, and judgment was entered thereon.   By the judgment it was, among other things, ordered that the plaintiff recover from the defendant the sum of $3,728.17.   Defendant appeals.

That portion of the judgment which orders such recovery from defendant is based upon finding 4 of the findings, which is as follows: "That during the existence of the said partnership of J. Gandalfo and Co. and from and after said October 8th, 1914, to the time of the trial of this action the said partnership became indebted to plaintiff for a balance on account of money paid out and contributed to and for the benefit of said partnership and for labor per-

3.   See 14 **Cal. Jur.** 859; 2 **Cal. Jur.** 852 et seq., 870 et seq.; 15 **R. C. L.** 875.

4.   See 14 **Cal. Jur.** 1071; 15 **R. C. L.** 719.

formed and for use of his motor vehicles in the sum of $5,308.08 to which the said partnership is entitled to an offset on account of moneys of said partnership collected by plaintiff and for gasoline used amounting to the sum of $1,313.50, leaving a balance of $3,994.58 now due and payable and owing by the said partnership to the plaintiff on the said account. That during said time there was collected, received and retained by defendant money belonging to the said partnership to the amount and value of $4,191.97, and the said defendant paid out and contributed to the funds of said partnership the sum of $763.00, leaving a balance of $3,428.97, which is due and payable to the said partnership from the said defendant. That the sum of the said account owing from the said partnership to the said plaintiff, to-wit: $3,994.58 and the said amount owing by defendant to the said partnership, to-wit: $3,428.97 equal the sum of $7,423.55, one-half of such amount or the sum of $3,711.775 is due and owing from the said defendant to the plaintiff in settlement of their said partnership accounts and defendant is also indebted to plaintiff for a balance of $17.00 on their individual accounts which by consent of the parties hereto has been determined in this action, making a total of $3,728.775 due and owing from the defendant to the plaintiff herein.''

The principal ground urged by defendant for a reversal of the judgment is that finding 4 is not supported by the evidence.

Plaintiff, a nephew of defendant, and defendant entered into articles of copartnership in February, 1913, and their principal business consisted in conducting a hotel and a saloon in the city of Sonora. They also ran a grocery store for a while, and also occasionally engaged in farming. Plaintiff was called to serve in the United States army in August, 1917, and did not thereafter participate in the actual affairs of the partnership business.

The documentary evidence introduced at the trial consisted of bank statements, checks, notes, letters and the account-books of the partnership. The parties to the action relied upon oral testimony to establish many of their respective claims. Many witnesses were sworn and examined, and the testimony as to many items was extremely conflicting. Plaintiff gave testimony as to many items contributed by him for the benefit of the partnership (some of

which testimony was corroborated by other witnesses), which had never been entered in the books of the partnership, and also offered oral testimony—his own and that of other witnesses—as to many sums of money collected for the partnership by defendant for which the partnership had not been credited. Defendant contested many of these items, and gave testimony in his own behalf as to items advanced by him for the benefit of the partnership for which no credits had been given on the books of the partnership, and also as to amounts collected by plaintiff for the partnership and not accounted for. There is no finding as to the items which were included in the totals found in finding 4, nor is there anything in the record which shows authoritatively these items. In making up the totals found in finding 4, the trial court had before it many items for consideration, many of which were necessarily excluded by it. We reach this conclusion from an examination of the transcript on appeal, from which we gather that had the court accepted all the items claimed by plaintiff, plaintiff's credit would have been much larger; and had it accepted as true the testimony offered by defendant, plaintiff's recovery would have been much less. The only suggestions before us as to the items included in these totals are found in the respective briefs of plaintiff and defendant, and these do not agree.

Defendant, in his brief, calls our attention to certain items which he asserts the trial court erroneously included in the total sum found in favor of the plaintiff; also certain items which he asserts were erroneously included in the total sum charged against defendant. He contends that the court included in the total charge made against defendant an item of $780.15, which was the total sum of other items also included in the total charge of finding 4. On page 120 of the partnership account-book introduced in evidence there appeared the following entry in defendant's handwriting, "Apr. 23, 1918 Recd. from Andy $738.15." On the same page, 120, and on page 118 of the same book, were many other items set out as having been received, with date of receipt and the name of the person from whom received. Defendant testified that the item "$738.15" was the total of the other items found on pages 118 and 120, and that they were collected by one Andy Devoto and entered in the account-book as collected, and paid over to him by Andy Devoto and that he, defendant, had added them up and

made the entry above specified. The allowance of this charge against defendant—if it was allowed—was entirely a question for the trial court. The original entries were before it, and it was for the court to say whether or not it would accept the record evidence contained in the account-book, or the oral statement of defendant. In this connection it may also be well to observe that we have examined the items which, defendant testified, made the total of $738.15, and find that the total of the items is a much larger sum. [1] Defendant complains that the court credited plaintiff with an item of $626 upon plaintiff's testimony that his father had paid a bill for the partnership to the Tacoma Bottling Company. Defendant denounces this as error, and argues that plaintiff did not pay it himself, and that his father not being a party to the action, the credit should not have been allowed. Defendant's father was sworn as a witness and testified that he had made the payment for and in behalf of his son. If this credit was allowed by the court it was entirely proper. Defendant complains that the court credited the plaintiff with $676.08 for picking up and hauling 2,625 sacks of grain, and that this sum was an excessive charge and should not have exceeded $80. The plaintiff sets forth in his brief that the court gave plaintiff credit for only $76.08 in this behalf. The record does not show what credit the court allowed, and, therefore, we assume that it only allowed such sum as was shown by the evidence to be proper. Defendant again complains that the court allowed plaintiff credit for $789 for the use of his individually owned tractor in plowing land for the partnership, and in his brief says: "Just how that sum was arrived at we cannot understand." In connection with this transaction plaintiff testified that he had plowed 460 acres of land for the partnership with his tractor, and that the going charge for such plowing was three dollars per acre, thus making a total of $1,380, with which he sought to charge the partnership. Defendant testified that plaintiff plowed only 363 acres of land for the partnership. Thus we see that if the court did allow plaintiff credit for $789 for plowing, this sum was arrived at by the court accepting defendant's testimony as against that of plaintiff. Defendant asserts that the court allowed a charge of $58.95 against him as money collected from M. E. Knaus, which was part

of a total of $364.50, also charged against him. An exam-
ination of the transcript and a computation made by us
discloses that the item of $58.95 was not included in the
total charge of $364.50. It is further claimed by defend-
ant that the court included in the charges against him an
item of $310 as collected from Angelo Pararia, and that the
evidence shows the amount collected by him to be $210. The
partnership account-book shows this amount to have been
$210, and if it were satisfactorily shown that the excess of
$100 was included in the finding, it would be error. The
record, however, does not show that this item was allowed
against the defendant as $310, or at all. [2] There is
ample evidence in the record to support the total amount
allowed against defendant in finding 4, irrespective of this
amount, and the appellate court will not, therefore, assume
that the trial court made an erroneous charge. [3] The
reviewing court will assume as true all facts which appear
by reasonable inference from the evidence contained in the
record on appeal, so far as they may support the findings.
(*Cosby* v. *Cline,* 186 Cal. 700 [200 Pac. 801].)

It is held in *Estate of Aufret,* 187 Cal. 34 [200 Pac. 946],
that error cannot be presumed on appeal, all intendments
being in favor of the judgment.

In *O'Meara* v. *Swortfiguer,* 192 Cal. 12 [214 Pac. 975],
it is held that in determining whether or not a judgment
is supported by the evidence, the appellate court will accept
the view most favorable to respondent.

It is further claimed by defendant that the court credited
plaintiff with $860 for the use of his Ford car as a delivery
car in the business of the partnership at the rate of twenty
dollars per month for the period of forty-three months. He
contends: First, that the plaintiff did not originally intend
to make a charge for the use of his car in the business;
second, that he charged for a greater period of time than
the car was actually used in the business, and, third, that
the charge of twenty dollars per month for the rental of the
car was excessive, especially in view of the fact that the
evidence shows that the partnership paid for the upkeep
of the car while used as a delivery car. As to the first
point urged by defendant, it is true plaintiff testified that
he did not originally intend to charge for the car. On the
other hand, defendant testified that he expected the part-

nership would have to pay a reasonable amount for the use of the car while in the use of the partnership. Here again the record fails to show whether or not the court did, in fact, include this credit in its findings, and the appellate court will, therefore, assume that the trial court did not allow an excessive amount.

There are several other items for which defendant urges that the court erroneously allowed plaintiff credit, and still others that he claims were allowed against defendant erroneously, but an examination of the transcript shows that the testimony with regard to all of them was conflicting, and that if they were included in the totals found in finding 4, it was entirely a matter for the trial court to determine.

[4] After the case was submitted to the trial court defendant moved to set aside the submission for the purpose of introducing further evidence. He offered affidavits in support of his motion, and plaintiff offered affidavits in opposing the motion. The motion was overruled, and defendant complains of this ruling as an abuse of discretion on the part of the trial court. The affidavits were conflicting, and the court was justified in ruling as it did.

Defendant has failed to show that the findings and judgment are not supported by the evidence, and has failed to show that there was any error on the part of the trial court.

It is, therefore, ordered that the judgment be affirmed.

Plummer, J., and Finch, P. J., concurred.