[L. A. No. 23131. In Bank. Apr. 15, 1955.]

Estate of S. P. A. SORENSEN, Deceased. BEN H. BROWN, as Public Administrator, etc., et al., Respondents, v. PETRA SORENSEN, Appellant.

Danielson & St. Clair for Appellant.

Edmund G. Brown, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondents.

EDMONDS, J.—The heirs of S. P. A. Sorensen, deceased, claim the assets of his estate. The appeal is from a decree which determines, *inter alia,* that distribution must be made to the State of California for failure of the heirs "to appear and demand the property within five years from the date of succession" as required by section 1026 of the Probate Code.[1]

Sorensen died intestate in 1934. His only heirs were three sisters and a brother, all of whom were nonresident aliens within the meaning of the statute. About 15 years later, bank accounts in his name were found which, with interest, amounted to $1,150.

Until notified of these facts by the public administrator, none of the heirs knew of either Sorensen's death or the existence of the bank accounts. A claim of interest on behalf of herself and certain other heirs was filed by Petra Sorensen, the decedent's sister and a resident of Norway. Petitions for distribution were filed by the Attorney General of California and by the Attorney General of the United States as successor to the Alien Property Custodian. Only Miss Sorensen has appealed from an order which settles the first and final account of the public administrator, determines heirship and distributes the property to the state.

It is conceded that Miss Sorensen's right of inheritance is governed by section 1026 of the Probate Code. That sec-

---

[1] "A nonresident alien who becomes entitled to property by succession must appear and demand the property within five years from the time of succession; otherwise, his rights are barred and the property shall be disposed of as escheated property."

tion fixes a period of limitation within which a nonresident alien must establish his right to succeed to the estate of a decedent or be barred from doing so. ▮▮ Speaking of the statutory predecessors of section 1026[2], this court has said: ''They clearly imply that upon the death of the deceased the estate vests as a conditional estate in the nonresident alien heir, subject only to the contingency that if he fails to appear and claim the same within five years his right ceases, and the property then vests in the state, not strictly by escheat for want of heirs, but by virtue of the effect of the statute.'' (*Estate of Pendergast,* 143 Cal. 135, 140 [76 P. 962]; see also *People* v. *Roach,* 76 Cal. 294, 296 [18 P. 407]; *Estate of Laurence,* 84 Cal.App.2d 500, 505-506 [191 P.2d 109].)

Miss Sorensen does not dispute the finding that she did not ''appear and demand'' her interest within five years from the time of succession, but she asserts that she was excused from doing so because no probate or other proceeding to effect a distribution of the property was commenced during that period. She concedes, however, that this position is contrary to *Estate of Pendergast,* supra. (143 Cal. 135.)

In the Pendergast case, probate of the estate was commenced some 23 years after the decedent's death. The heirs included four nonresident aliens, two of whom did not ''appear and claim'' the property until the initiation of the probate proceeding. Insofar as the decree distributed property to the latter two heirs, it was reversed with directions to retain their shares of it in the state treasury subject to escheat proceedings. ''The provisions of the code above quoted [former Civ. Code, §§ 672, 1404] are clear and unambiguous,'' it was said, ''and the two nonresident alien petitioners are embraced within their terms.'' (143 Cal. at 140.)

It is urged, however, that the Pendergast case is no longer controlling. Miss Sorensen contends that it has been impliedly overruled by *Estate of Caravas,* 40 Cal.2d 33 [250 P.2d 593], and, in any event, did not give sufficient consideration to the terms ''appear and demand,'' or ''appear and

---

[2]Former Civil Code, § 672: ''If a non-resident alien takes by succession, he must appear and claim the property within five years from the time of succession, or be barred. The property in such case is disposed of as provided in Title VIII, Part III, Code of Civil Procedure [relating to escheat].''

Former Civil Code, § 1404: ''Resident aliens may take in all cases by succession as citizens; and no person capable of succeeding under the provisions of this title is precluded from such succession by reason of the alienage of any relative; but no non-resident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession.''

claim" as the statute then read. As she construes the statute, "appear" contemplates an appearance in a legal proceeding, and "demand" implies the existence of some one who may comply with it.

*Estate of Caravas* was not concerned with the effect of delaying the institution of probate proceedings beyond the five-year period specified by section 1026. That decision determined the nature of the rights of a nonresident alien arising after the property has been distributed to the state. It was unnecessary to determine what acts by a nonresident alien, *before* the property is distributed to the state as the result of a proceeding in probate, are sufficient to satisfy the requirement that he "appear and demand" it. Section 1026, said the court, does not establish any procedure for doing so, although the requirement might be satisfied by a proceeding commenced under another statute. ██ Certainly, application by the alien for the probate of the estate, or the institution of any other action to establish his right, would meet the requirements of section 1026.

Although the Pendergast case did not discuss the sufficiency of the acts by which an alien may appear and make claim to the property, dictum in an earlier decision relied upon supports the conclusion that any act by which he makes known to the person possessing or controlling it his claim of interest suffices. ██ In *State* v. *Smith*, 70 Cal. 153 [12 P. 121], it was said that "[t]he clause of section 672 is a limitation, applicable . . . not alone to the commencement of an action in the courts, but to any appearance within the state and the assertion of a claim, whether by such action or otherwise. The claim may be *in pais*, as by taking possession of the property, or conveying or contracting with respect to it." (70 Cal. 156.) This dictum was approved in *Estate of Aufret*, 187 Cal. 34 [200 P. 946], where the court said: "We can perceive no reason why this statement is not a correct interpretation of the statute." (P. 37.)

██ In the present case, there is no contention that Miss Sorensen has performed any act which might be construed as amounting to an appearance and demand as to her share of the decedent's estate. Therefore, it is unnecessary to determine more explicitly the acts which might suffice for that purpose.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.